FILED BY \_\_\_\_KS\_\_\_\_ D.C.

Sep 29, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>17-20865-CR-Ruiz(s)(s)(s)</u>
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(3)(B)
18 U.S.C. § 1960
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

NADER MOHAMAD FARHAT,
DIYA SALAME,
HOUSSAM ALI HACHEM,
and
ELIAS DAHER,

      Defendants.
_____/

## THIRD SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1

Beginning in and around March 2014, and continuing to on or about May 17, 2018, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**NADER MOHAMAD FARHAT,**

did knowingly and willfully combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses in violation of Title 18, United States Code, Section 1956, that is, to knowingly conduct a financial transaction affecting interstate and foreign commerce involving property, that is, funds and monetary instruments, including United States currency, represented by an individual acting at the direction of, and with the approval of, law enforcement


officers to be proceeds of a specified unlawful activity, with the intent to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3)(B).

It is further alleged that the specified unlawful activity was represented to be importing, distributing, selling and otherwise dealing in a controlled substance, punishable under the laws of the United States.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNTS 2-7

On or about the dates set forth below as to each count, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**NADER MOHAMAD FARHAT,**

did knowingly conduct a financial transaction affecting interstate and foreign commerce involving property, that is, funds and monetary instruments, including United States currency, represented by an individual acting at the direction of, and with the approval of, law enforcement officers to be proceeds of a specified unlawful activity, with the intent to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of specified unlawful activity:

| Count | Approximate Date of Financial Transaction | Approximate Amount | Financial Transaction |
|---|---|---|---|
| 2 | November 18, 2014 | $221,625 | Wire transfer received at a Citibank account in Broward County, FL |
| 3 | September 14, 2015 | $90,000 | Wire transfer received at a Citibank account in Broward County, FL |

| 4 | September 15, 2015 | $49,997.89 | Wire transfer received at a Citibank account in Broward County, FL |
| 5 | September 18, 2015 | $65,096 | Wire transfer received at a Citibank account in Broward County, FL |
| 6 | September 20, 2015 | $41,210 | Wire transfer received at a Citibank account in Broward County, FL |
| 7 | December 14, 2015 | $125,000 | Delivery of cash in U.S. currency by confidential informant to co-conspirator, on behalf of the defendant |

It is further alleged that the specified unlawful activity was represented to be importing, distributing, selling and otherwise dealing in a controlled substance, punishable under the laws of the United States.

In violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT 8

From at least as early as in or around January 2013, through on or about May 17, 2018, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**NADER MOHAMAD FARHAT,
DIYA SALAME,
HOUSSAM ALI HACHEM,
and
ELIAS DAHER,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses in violation of Title 18, United States Code, Section 1956, that is:

(a)     To knowingly conduct a financial transaction affecting interstate and foreign commerce involving proceeds of a specified unlawful activity, knowing that the transaction was

3

designed in whole and in part to conceal and disguise the nature and source of the proceeds of the specified unlawful activity, and that while conducting such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b)  To knowingly transmit and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

It is further alleged that the specified unlawful activity is conducting an unlicensed money transmitter business, in violation of Title 18, United States Code, Section 1960.

In violation of Title 18, United States Code, Section 1956(h).

## COUNT 9

Beginning at least as early as in and around January 2013, the exact date being unknown to the Grand Jury, and continuing until on or about October 30, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**DIYA SALAME,**

did knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(b)(1), which affected interstate and foreign commerce and was operated without an appropriate money transmitting license in a State, that is, Florida, where such operation was punishable as a felony and failed to comply with the money transmitting business registration

requirements under Section 5330 of Title 31, United States Code and the regulations prescribed thereunder, in violation of Title 18, United States Code, Sections 1960(a) and 2.

## COUNT 10

Beginning at least as early as in and around January 2013, the exact date being unknown to the Grand Jury, and continuing until on or about November 1, 2019, in Miami-Dade County, in the Southern District of Florida, in Wayne County, in the Eastern District of Michigan, and elsewhere, the defendant,

**HOUSSAM ALI HACHEM**,

did knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(b)(1), which affected interstate and foreign commerce and was operated without an appropriate money transmitting license in a State, that is, Florida and Michigan, where such operation was punishable as a felony and failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code and the regulations prescribed thereunder, in violation of Title 18, United States Code, Sections 1960(a) and 2.

## COUNT 11

Beginning at least as early as in and around January 2013, the exact date being unknown to the Grand Jury, and continuing until on or about October 30, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ELIAS DAHER**,

did knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section

5

1960(b)(1), which affected interstate and foreign commerce and was operated without an appropriate money transmitting license in a State, that is, Florida, where such operation was punishable as a felony and failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code and the regulations prescribed thereunder, in violation of Title 18, United States Code, Sections 1960(a) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Third Superseding Indictment are hereby re-alleged, and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **NADER MOHAMAD FARHAT**, **DIYA SALAME, HOUSSAM ALI HACHEM,** and **ELIAS DAHER**, have an interest.

2. Upon conviction of a violation of, or a conspiracy to violate, Title 18, United States Code, Section[s] 1956 and/or 1960, as alleged in this Third Superseding Indictment, the defendants shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3. The property subject to forfeiture includes, but is not limited to, the following:

   (i) Approximately $846,258 in U.S. dollars seized at Unique Cambios, S.A., on or about May 17, 2018;

   (ii) Approximately $466,356 in Brazilian reais seized at Unique Cambios, S.A., on or about May 17, 2018;

   (iii) Approximately $86,704.69 in Paraguayan guaranies seized at Unique Cambios, S.A., on or about May 17, 2018; and

      (iv) Approximately $6,366 in Argentinean pesos seized at Unique Cambios, S.A., on or about May 17, 2018.

All pursuant to Title 18, United States Code, Section 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

                        A TRUE BILL

                        FOREPERSON

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

MICHAEL E. THAKUR
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

NADER MOHAMAD FARHAT, et al.,

_____ Defendants/

CASE NO. 17-20865-CR-Ruiz(s)(s)(s)

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)
- [✓] Miami
- [ ] Key West
- [ ] FTL
- [ ] WPB
- [ ] FTP

New defendant(s) [✓] Yes [ ] No
Number of new defendants  1
Total number of counts  11

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No)  **Yes**
   List language and/or dialect  Arabic
4. This case will take  7  days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I   0 to 5 days       [ ]
   II  6 to 10 days      [✓]
   III 11 to 20 days     [ ]
   IV  21 to 60 days     [ ]
   V   61 days and over  [ ]

   (Check only one)
   Petty        [ ]
   Minor        [ ]
   Misdemeanor  [ ]
   Felony       [✓]

6. Has this case previously been filed in this District Court? (Yes or No)  **Yes**
   If yes: Judge  Ruiz   Case No.  17-20865-CR-Ruiz(s)(s)
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)  **Yes**
   If yes: Magistrate Case No.  19-3766-JJO
   Related miscellaneous numbers:  19-3767-JJO
   Defendant(s) in federal custody as of  June 21, 2019
   Defendant(s) in state custody as of  _____
   Rule 20 from the District of  _____
   Is this a potential death penalty case? (Yes or No)  **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No)  **No**
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No)  **No**
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No)  **No**

_____
Michael Thakur
Assistant United States Attorney
Court ID No.    A5501474

*Penalty Sheet(s) attached

REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** NADER MOHAMAD FARHAT

**Case No:** 17-20865-CR-Ruiz (s)(s)(s)

Counts #: 1 and 8

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:** 20 Years' Imprisonment

Counts #: 2-7

Money Laundering

Title 18, United States Code, Section 1956(a)(3)(B)

**\* Max. Penalty:** 20 Years' Imprisonment

Count #:

**\*Max. Penalty:**

Count #:

**\* Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Elias Daher

**Case No:** 17-20865-CR-Ruiz (s)(s)(s)

Counts #: 8

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:** 20 Years' Imprisonment

Counts #: 11

Operating an Unlicensed Money Transmitter Business

Title 18, United States Code, Section 1960

**\* Max. Penalty:** 5 Years' Imprisonment

Count #:

**\*Max. Penalty:**

Count #:

**\* Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DIYA SALAME

**Case No:** 17-20865-CR-Ruiz (s)(s)(s)

Counts #: 8

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:** 20 Years' Imprisonment

Counts #: 9

Operating an Unlicensed Money Transmitter Business

Title 18, United States Code, Section 1960

**\* Max. Penalty:** 5 Years' Imprisonment

Count #:

**\*Max. Penalty:**

Count #:

**\* Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** HOUSSAM HACHEM

**Case No:** 17-20865-CR-Ruiz (s)(s)(s)

Counts #: 8

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

*__Max. Penalty:__ 20 Years' Imprisonment

Count #: 10

Operating an Unlicensed Money Transmitter Business

Title 18, United States Code, Section 1960

* __Max. Penalty__: 5 Years' Imprisonment

Count #:

*__Max. Penalty:__

Count #:

* __Max. Penalty:__

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.